Judge Robertson
delivered the opinion of the Court.
If A, enter on the land of B, and cut down his timber, without hi;s consent, and construct out of it, the frame of a flat-bottomed boat, isB liable to an action of trespass for taking and converting the timbers thus constructed?
This question must be decided in the negative.
The transformation of the timber, into a new shape, does not change the specific character or qualities of the native material. It is still wood, exclusively wood, *»;.! ''x sam,: ~vood which was attached to the freehold, in the form of growing trees. And while the original *197 distinctive qualities can be identified, no expenditure of skill, or labor, or money, in the alteration of the form of the timber, by a trespasser, can divest the owner of the trees of his right to the wood, into whatever shape, or for whatever purpose, it may have been changed, without accession of other materials, or of value beyond what accrued in this case.
INor could any transmutation of the timber, by the wantonness of another, knowing that the thing did not belong to him, vest him with a right to the product, without the original owner’s consent, and against his claim. . Therefore, in this case, it follows, that no trespass was committed in taking a boat frame, the timber of which belonged to the taker, and was cut down without his consent, by one who knew that he had no right to it.
This is the doctrine of both the common and the civil law; Blackstone’s Com. 404; Year Books, 12, H. VIII; 10 Bro. title property, 23; 5 Johnson’s Reports, 349; Cooper’s Justinian 75-6; 1 Brown’s Civil Law, 240.
These authorities are full and explicit on this subject, and clearly sustain this opinion.
By the common law, as reported in the year books, leather made into shoes, cloth into, clothes, or timber into plank or blocks, without the consent of the owner of the material, belongs to him in its modified form.
In 5 Johnson, it is decided, that shingles belong, in like manner, and under the like circumstances, to the owner of the timber.
Such is also the doctrine of Brown and Justinian, and Vinnius; and Brown lays down the further principle, that no accession to, or alteration of, a thing, by one knowing that it is not his, can divest the owner of his right to it.
It is evident, therefore, that the law of “specifica*-122^ or “accession,” or “accretion,” cannot apply to this case. The timber was only hewed or sawed into pieces and put together so as to form the frame of a boat, and this was done with the perfect knowledge that the trees belonged to another, without whose confeat they had been used.
be entoland4 conclusive, & i^neouiTit61" mustbe’reversed.
Brown, for plaintiffs; Semple, for defendants.
This suit was brought for some plank, as well as the frame. And it is true that it has not been shewn where or out of what timber the plank was sawed.
But as the court erred in instructing the jury that the plaintiff below had a right to recover for the frame, ^ ^ keen “constructed,” the judgment must, as it is entire and inclusive, be reversed, and the cause remanded for new proceedings, consistent with this opin-j ion.